UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARGARITTE "MARGO" HINSON, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY, *et al.,*<br><br>    Defendants. | 2:11-CV-01860-PMP-GWF<br><br>**ORDER** |

  Before the Court for consideration is Defendant American Family's fully briefed Omnibus Motion in Limine (Motions in Limine No. 1-5) filed June 6, 2013 (Doc. #46). Having read and considered the Motion, Response and Reply filed, the Court hereby enters the following Orders regarding each of the five (5) Motions in Limine at issue:

  <u>Motion in Limine No. 1</u>.  By this Motion, Defendant seeks an order precluding Plaintiff from arguing to the trial jury that Defendant should be held liable or punished simply for opposing or resisting some or all of the claims brought against Defendant by Plaintiff.

  **IT IS ORDERED** that to the extent Defendant seeks an order that Plaintiff be precluded from arguing that by defending itself in this law suit, Defendant American Family is "avoiding responsibility" or acting in bad faith, said motion is **GRANTED**.

  <u>Motion in Limine No. 2</u>.  By this Motion, Defendant seeks an order of the Court precluding Plaintiff from offering evidence or argument of Defendant American Family's

post-litigation conduct, including communications, discovery activities and pleadings. Here Defendant argues that while evidence of an insurer's litigation conduct may, in some rare instances, be admissible on the issue of bad faith, such evidence will generally be inadmissable as it lacks probative value and carries a high risk of prejudice. The Court agrees. However, based upon the arguments presented by the Parties, the Court cannot discern precisely what conduct it is which Plaintiff may seek to offer that Defendant deems objectionable.

**IT IS THEREFORE ORDERED** that Defendant's Motion in Limine No. 2 is **DENIED** without prejudice to renew by asserting appropriate objections if and at such time as counsel for Plaintiff seeks to offer evidence of Defendant's litigation conduct which Defendant contends is inadmissible.

Motion in Limine No. 3. By this Motion, Defendant seeks an order of the Court that no lay witness be permitted to testify regarding the issue of bad faith, as such matters require expert testimony.

**IT IS ORDERED** that to the extent Plaintiff seeks to offer lay witness testimony in the form of opinions concerning the standards of the insurance industry or whether Defendant in bad faith violated those standards, said motion is **GRANTED**.

Motion in Limine No. 4. Defendant's Motion in Limine to prohibit Plaintiff's counsel from acting as an expert witness in this case is unopposed, and is therefore **GRANTED**.

Motion in Limine No. 5. Defendant's Motion in Limine to preclude introduction of traffic citation information into evidence is unopposed, and is therefore **GRANTED**.

DATED: July 25, 2013.

_____
PHILIP M. PRO
United States District Judge